■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JOSHUA, Appellant. [638 NYS2d 429] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered November 25, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Given the existence of overwhelming evidence that defendant sold drugs to an undercover officer in exchange for prerecorded buy money, the cumulative effect of any errors committed by the trial court and prosecutor was harmless and does not warrant reversal (*People v Crimmins*, 36 NY2d 230).

Defendant's claims concerning his impeachment as a witness are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit. The disclosure of defendant's misdemeanor conviction for possession of a weapon, previously excluded at the *Sandoval* hearing, was volunteered by defendant when the court questioned him concerning an alleged larceny conviction of the same date. Defendant must bear responsibility for this disclosure, caused by defendant's own reluctance to admit his prior criminal convictions and his failure to advise the court at the *Sandoval* hearing that the alleged larceny conviction was actually "covered" by the plea to the weapon charges.

The court's comments when the defendant testified do not, on this record, warrant reversal.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.